UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                    CRIMINAL NO. 21-20650

vs.                               HON. LAURIE J. MICHELSON

D-1   JOHN F. KENNEDY,
D-2   DANIEL S. VICKERS,

       **Defendants.**
_____/

## STIPULATION AND ORDER REGARDING USE AND DISCLOSURE OF DISCOVERY MATERIALS

IT IS HEREBY STIPULATED AND AGREED, by and between defendants John F. Kennedy, through his counsel, attorney Sanford Plotkin, Daniel S. Vickers, through his counsel, Vincent J. Toussaint, and the United States of America, through its attorneys of record, that:

1. For the purpose of allowing the defendants to adequately prepare for trial, the government will be making early disclosures to counsel for defendants of certain materials gathered during the government's investigation.

2. These materials are extensive, and will include, among other

things, grand jury transcripts, telephone calls and text messages intercepted pursuant to a court order, audio and video recordings made by cooperating individuals and an undercover agent, records and data obtained pursuant to search warrants, reports of witness interviews, financial, tax and other records ("the discovery materials").

 3. Due to the sensitive nature of the discovery materials, which include confidential materials, the disclosure of which might impact the privacy interest of the defendants or the witnesses, the parties hereby agree to the following restrictions on the use and disclosure of the discovery materials:

 a. Counsel for defendants may share the discovery materials only with their client, investigators or experts working with defense counsel, and defense counsels' support staff ("members of the defense team"), and may only share them as needed to provide a defense for their client in this case, including any direct appeal or other post-conviction proceedings;

 b. Counsel for defendants may use the discovery materials to question or prepare potential witnesses, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery materials, except that a copy of an interview report of a certain witness or a grand jury transcript of that witness may be given to the witness who is the subject of the interview or the giver of the testimony;

   c. Counsel for defendants, prior to disclosing any discovery materials to any member of the defense team, will inform persons receiving discovery materials of the disclosure limitations of this stipulation and order;

   d. Defendants shall make no disclosure of the discovery materials to anyone who is not a member of the defense team; and

   e. In the event that a discovery coordinator is appointed or engaged to assist in this case, the discovery coordinator (and any person assisting or supporting the discovery coordinator) shall be considered a member of the defense team and all provisions and disclosure limitations herein apply to the discovery coordinator.

4. Should the parties wish to attach any discovery materials to any pleading filed with the court, those discovery materials shall be filed under seal. Similarly, identities of confidential informants will not be identified in public pleadings or pretrial hearings without authorization of the court.

5. Within ninety (90) days of the conclusion of the plea or trial (or any direct appeal or post-conviction matters have been resolved), counsel for defendants and the defendants shall return all discovery materials to the government, along with all copies thereof, or cause such discovery materials to be destroyed. To the extent that counsel for the defendants require the discovery materials for a period of time beyond that described above, counsel shall contact

the undersigned government counsel to arrange for any extension.

6. The defendants' need for the discovery materials outweighs the Privacy Act interests involved, pursuant to 5 U.S.C. § 552a. To the extent that the disclosure of the discovery materials pursuant to this stipulation and order may result in the disclosure of information protected from non-consensual distribution by the Privacy Act, the parties are authorized to disclose such information and shall not be found to have violated the Privacy Act by such disclosures.

7. To the extent that the discovery materials include grand jury material, the court authorizes the government to disclose such materials pursuant to Fed. R. Crim. P. 6(e)(3)(E).

**SO STIPULATED:**

 /s/ Eaton P. Brown
EATON P. BROWN
Assistant United States Attorney
Dated: January 20, 2022


 /s/ John F. Kennedy (with consent)          /s/ Sanford Plotkin (with consent)
JOHN F. KENNEDY                              SANFORD PLOTKIN
Defendant                                    Counsel for Defendant Kennedy
Dated: January 20, 2022                      Dated: January 20, 2022

 /s Daniel S. Vickers (with consent)          /s/ Vincent J. Toussaint (with consent)
DANIEL S. VICKERS                             VINCENT J. TOUSSAINT
Defendant                                     Counsel for Defendant Vickers
Dated: January 20, 2022                       Dated: January 20, 2022

**SO ORDERED:**

Dated: January 20, 2022

                                                  s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE