UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

UNITED STATES OF AMERICA,

    Plaintiff.

                                          Case No. 21-cr-20650

                                          Hon. Laurie J. Michelson

v.

D-2  DANIEL S. VICKERS,

    Defendant.

_____/

## SENTENCING MEMORANDUM FOR DEFENDANT DANIEL S. VICKERS

"Before this I had never been charged with a felony or misdemeanor. I was suspended one day in my life from work or school."

                                                                      Daniel Vickers

## INTRODUCTION

Daniel Vickers is scheduled to be sentenced by Your Honor on March 14, 2023, following his plea of guilty to Count 1 of an Indictment charging Conspiracy to Accept Bribes, pursuant to 18 U.S.C. § 371 and 666(a)(1)(B). His plea was taken pursuant to a Rule 11 Plea Agreement and under the terms

of the Rule 11 Plea Agreement, the parties have agreed that the sentencing shall be determined by this Honorable Court.

Mr. Vickers will come before this Court for sentencing in connection with the worst mistake of his life; participating in a scheme with his childhood friend and Detroit Police Lieutenant John Kennedy and going along with Kennedy to accept bribes on behalf of towing companies to obtain unauthorized tows and preferential treatment for towing vehicles in the City of Detroit. Mr. Vickers used his position with the Detroit Police Department to commit this criminal activity.

While not to minimize the gravity of this matter, it is important to note that these illicit transactions are the only blemishes to his more than 30 year career with the Detroit Police Department.

The purpose of this memorandum is to urge the Court to: sentence the defendant below his guideline range. While this memorandum is not meant in any way as justification for the behavior associated in this matter, the circumstances and defendant's background are important in this Court's decision in determining what type and length of sentence is sufficient, but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

## **PRELIMINARY STATEMENT**

Mr. Daniel Vickers is 56 years old, a husband and devoted father of 14 year old Daniel Vickers, Jr. Mr. Vickers is a father wo is hands-on, being there for his son as a provider, assisting him with his homework, or just showing love, compassion and concern on a daily basis. He is also the primary caretaker of his mother, Francis Vickers, who resides with him and his family. She requires assistance because of her illness and requires oxygen 24/7. Mr. Vickers also has had a motorcycle accident in 2004, while on duty which required surgery to repair his ankle and left significant injuries to his arms and legs.

More recently, Mr. Vickers had gastric bypass surgery and currently suffers from diabetes and high blood pressure. These are serious health concerns that continue to impact his life.

Daniel Vickers served the Detroit Metropolitan community for over 30 years in his capacity as an officer with the Detroit police Department. He served it with professionalism, compassion and responsibility. For over a 30 year career Mr. Vickers had been a highly respected officer in the Detroit Police Department. This conduct has been the only mark on a distinguished career.

Mr. Vickers has accepted responsibility for his actions, has been introspective about his criminal activity and has shown genuine remorse for his actions.

He has a supportive network of family members and friends who have provided support throughout his life. He will need this love and support to live a productive life.

## FACTS

The PSI in this matter aptly describes the conduct of Mr. Vickers, his co-defendant, John Kennedy and the conspiracy for which he was involved regarding the solicitation of bribes from Tower A for preferential treatment in towing cars in the City of Detroit. Mr. Vickers would assist Tower A in getting tows which were unauthorized.

## DEFENSE OBJECTION TO THE SCORING OF A FOUR LEVEL ENHANCEMENT, PURSUANT TO USSG SEC. 2C1.1(b)(1)(C) FOR BRIBES EXCEEDED $15,000.

Mr. Vickers sentencing guidelines as scored by probation in the PSR are 30-37 months. This scoring was based upon an adjusted base offense level of 24, which included a four level increase for the fact that he is being charged as an intermediary between Kennedy and Tower A regarding Kennedy's acceptance of a vehicle and bribes from Tower A.  It is our

argument that the total offense level should be at 15, which means his guidelines would be 18 to 24 months.

The reason that it was not objected to within the required time necessary for objections to the pre-sentence report is that we did not receive the report in adequate time to object and we believe this shows good cause for this Honorable to entertain this objection.

### **18 U.S.C. § 3553(a)**

18 U.S.C. § 3553(a) requires a sentencing judge to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed; to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. To afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…;

(5) any pertinent policy statement issued by the Sentencing Commission...;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense

**A. The nature and circumstances of the offense**

Daniel Vickers, as a Detroit Police Officer participated in a scheme with his co-defendant in this matter, Detroit Police Lieutenant John Kennedy to accept bribes on behalf of a towing company (Tower A) to obtain unauthorized tows and preferential treatment for towing vehicles in the City of Detroit. Mr. Vickers and co-defendant obtained cash, automobiles, auto repair and other illegal benefits for their assistance to Tower A.

Mr. Vickers used his position with the Detroit Police Department to commit this criminal activity.

**B. The history and characteristics of the defendant**

As indicated within the presentence report, Mr. Vickers has had a stable childhood as he was raised in a loving and caring home environment. Mr. Vickers has had only one job in his entire life. He joined the Detroit Police Department after graduating from high school. Mr. Vickers was a Detroit Police Officer for over 30 years, and outside of the instant offense served his community honorably.

In applying the facts of this case to the above factors, Mr. Vickers would respectfully request that the Court consider the following:

- With regard to the Defendant's prior record, Mr. Vickers has had no contacts with the criminal justice system, as a juvenile nor as an adult.
- This series of events occurred at the tail end of a career in law enforcement with an otherwise unblemished record.
- With regard to Mr. Vickers rehabilitative potential, there really should be no question that this has truly impacted his life. He realizes that he has made a mistake, and has taken responsibility for his actions, as shown by his plea to the charge in the Indictment.
- Mr. Vickers has complied with all of the terms of his pretrial release, and as such, has shown that he can comply with any orders as issued by this Honorable Court.
- Mr. Vickers, by his own history and attestation, is highly unlikely to offend again.
- Regarding support, as previously stated, he has the support of many who know and love him.

## C. The kind of sentences available/Protection of the Public from Further Crimes

There is no argument that Mr. Vickers falls within a guideline range that includes incarceration. Mr. Vickers acknowledges and understands the seriousness of the offenses that he perpetrated and that he is facing a prison sentence.

Mr. Vickers has shown that his ability to be rehabilitated is high and that his risk for recidivism is low based upon his history. A just sentence for this Court to consider would be below the stated guidelines.

## D. The sentencing guideline range

Mr. Vickers has requested that the appropriate guideline range in this matter is 18 to 24 months. This is based upon his objection to the four level enhancement pursuant to USSG Sec. 2C1.1(b)(1)(C).

## E. The need to avoid unwarranted sentencing disparities

This was an investigation which was titled "Operation Northern Hook." Other individuals who have been sentenced in this scheme have been: Alonzo Jones, a Detroit Police Officer who received 15 months; former Detroit City Councilman Andre Spivey who received 24 months for his conduct; and co-defendant John Kennedy, who has yet to be sentenced in his case.

## F. The need to provide restitution

It has been determined that restitution is not applicable in this matter.

## 2. United States Supreme Court Case Law

In United States v. Booker, 543 US 220 (2005), the United States Supreme Court found those provisions of the Federal Sentencing Reform Act of 1984 that make the guidelines mandatory, or which rely upon the Guidelines mandatory nature, incompatible with its Sixth Amendment holding of Blakely v. Washington, 542 US 296 (2004). Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Therefore, instead of being bound by mandatory sentencing guidelines, Booker merely required a sentencing judge to first consider the guideline range and then impose a reasonable sentence pursuant to 18 USC §3553(a).

The sentencing guidelines were again discussed by the Court in Gall v. United States, 128 S Ct 586 (2007). In Gall, the Court set forth a number of important principles. First, the Court made clear that the sentencing guidelines are merely advisory and that appellate review is limited to the issue of "reasonableness:"

> As a result of our decision [in Booker], the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are "reasonable." Our explanation of "reasonableness" review in the Booker opinion made it pellucidly clear that the familiar abuse-of-

discretion standard of review now applies to appellate review of sentencing decisions. Id.

Second, it is equally clear that the sentencing judge must explain his or her reasons for departing from the guidelines:

It is also clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications. Id.

Third, the opinion placed certain restrictions on the extent of appellate review of a sentence outside the advisory guideline range, and specifically disapproved of certain criteria that had been utilized since Booker:

In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

Fourth, while the Court had permitted the circuit courts to adopt a presumption of reasonableness for sentences within the guideline range, it did not follow that those courts could adopt a presumption of unreasonableness for sentences outside the range:

As an initial matter, the approaches we reject come too close to creating an impermissible presumption of unreasonableness for sentences outside the Guidelines range.....Even the Government has acknowledged that such a presumption would not be consistent with Booker.

Finally, the Court gave its reasons for its rejection of the "mathematical approach:"

> The mathematical approach also suffers from infirmities of application. On one side of the equation, deviations from the Guidelines range will always appear more extreme -- in percentage terms -- when the range itself is low, and a sentence of probation will always be a 100% departure regardless of whether the Guidelines range is 1 month or 100 years. Moreover, quantifying the variance as a certain percentage of the maximum, minimum, or median prison sentence recommended by the Guidelines gives no weight to the "substantial restriction of freedom" involved in a term of supervised release or probation.

Most importantly, both the exceptional circumstances requirement and the rigid mathematical formulation reflect a practice -- common among courts that have adopted "proportional review" -- of applying a heightened standard of review to sentences outside the Guidelines range. This is inconsistent with the rule that the abuse-of-discretion standard of review applies to appellate review of all sentencing decisions – whether inside or outside the Guidelines range.

With its decision in <u>Gall</u>, the Supreme Court laid to rest any argument whatsoever, that trial judges are required to impose sentences within the sentencing guideline range. Sentencing guidelines are merely advisory. Courts are to impose reasonable sentences consistent with the principles set forth in the sentencing statute.

The objective of the Court is justice, and the framework of justice

contains the ideas and outcomes of rehabilitation and recidivism.

## CONCLUSION

For the reasons stated in the memorandum and based upon consideration of the factors set forth in 18 U.S.C. §3553(a), that "the court shall impose a sentence, sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a)(2) the defense respectfully requests this Court to impose a sentence of below the guidelines.

Respectfully Submitted

s/ Vincent J. Toussaint
Vincent J. Toussaint (P58609)
Attorney for Defendant Daniel Vickers
Toussaint Law
24901 Northwestern Highway
Suite 612
Southfield, MI 48075
(313) 878-6699
vjtoussaint@netscape.net

Dated: March 8, 2023

## **CERTIFICATE OF SERVICE**

This is to certify that on March 8, 2023, I served a copy of this Sentencing Memorandum, by filing same with the Court under seal electronically and with motion to order to seal upon Eaton Brown, AUSA by email.

                                                                          s/ Vincent J. Toussaint
                                                                          Vincent J. Toussaint (P58609)
                                                                          Attorney for Defendant Daniel Vickers
                                                                          Toussaint Law
                                                                          24901 Northwestern Highway
                                                                          Suite 612
                                                                          Southfield, MI  48075
                                                                          (313) 878-6699
                                                                          vjtoussaint@netscape.net

Dated: March 8, 2023